IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FRANKLIN GRANGER LOWERRE, IV,   )
                                )
    Plaintiff,                  )
                                )
  -vs-                          )   Civil Action No.   12-218E
                                )
CAROLYN W. COLVIN,[1]           )
COMMISSIONER OF SOCIAL SECURITY,)
                                )
    Defendant.                  )

AMBROSE, Senior District Judge.

## OPINION
### and
### ORDER OF COURT

### SYNOPSIS

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 9 and 13). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 10 and 14). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Plaintiff's Motion for Summary Judgment (ECF No. 9) and denying Defendant's Motion for Summary Judgment. (ECF No. 13).

### I. BACKGROUND

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for supplemental security income pursuant to the Social Security Act ("Act"). Plaintiff filed an application for benefits on September 16, 2009, alleging he had been disabled since June 1, 2003. (ECF Nos. 7-6, p. 2). Administrative Law Judge ("ALJ"), James J. Quigley, held a video hearing on April 14, 2011. (ECF No. 7-3, pp. 34-51). On April 27, 2011, the ALJ found that Plaintiff was not disabled under

---

[1] Carolyn W. Colvin became acting Commissioner of Social Security on February 14, 2013, replacing Michael J. Astrue.

the Social Security Act. (ECF No. 7-2, pp. 14-23). After exhausting all administrative remedies, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 9 and 13). The issues are now ripe for review.

## II. **LEGAL ANALYSIS**

### A. **STANDARD OF REVIEW**

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when

2

evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. RESIDUAL FUNCTIONAL CAPACITY ("RFC")[2]

Plaintiff argues that the ALJ's RFC finding is not supported by substantial evidence. (ECF No. 10, pp. 9-12). Specifically, Plaintiff submits that the ALJ erred in failing to make findings relating to all of the mental demands of work listed by a medical source given "substantial weight" by the ALJ. *Id.* Thus, Plaintiff argues, the mental RFC is incomplete and not in compliance with the relevant legal standards. *Id.*

---

[2] RFC refers to the most a claimant can still do despite his limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of her own limitations. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3).

3

RFC refers to the most a claimant can still do despite his limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. §§404.1545(a)(3), 416.945(a).  As the Plaintiff points out, while "[t]he ALJ need only discuss the most pertinent, relevant evidence bearing upon a claimant's disability status, [he must] provide sufficient discussion to allow the court to determine whether any rejection of potentially pertinent, relevant evidence was proper." (ECF No. 10, p. 9, *citing, Johnson v. Comm'r of SS,* 529 F.3d 198, 203-04 (3d Cir. 2008)).

Plaintiff contends that the ALJ afforded the opinions of Dr. Mercatoris, an examining consultative psychologist, "substantial weight" but erred when, without explanation, he did not make accommodations in the RFC for all the limitations found by Dr. Mercatoris.  (ECF No. 10, pp. 10-11).   I agree.

The ALJ found that Plaintiff has the RFC to perform light work, except that Plaintiff can only "lift up to 20 pounds occasionally and 10 pounds frequently, he can perform jobs which require no more than occasional crawling and climbing of ropes, ladders or scaffolds.  [Plaintiff] can remember, understand and carry out no more than simple instructions and make simple work-related decision.   His work must not require overhead reaching or overhead work."  (ECF No. 7-2, p. 17-18).   The implication of this, therefore, is that Plaintiff can do everything associated with light work except those things listed by the ALJ.

The ALJ gave "substantial weight to Dr. Mercatoris' opinion as an examining medical source."  (ECF No. 7-2, p. 20).   Dr. Mercatoris opined that Plaintiff "should be able to adapt to simple changes in a work or work-related situations.  He might be a little slow to react to deadlines or schedules." (ECF No. 7-8, p. 51).   Dr. Mercatoris also filled out a form that indicated that Plaintiff is slightly limited in understanding and remembering detailed instructions, carrying

4

out detailed instructions and making judgments on simple work-related decisions. *Id.* at 52. This portion of Dr. Mercatoris' opinion is reflected in the ALJ's RFC. (ECF No. 7-2, p. 17-18).

With regard to Plaintiff's ability to respond appropriately to supervision, co-workers, and work pressures in a work setting, Dr. Mercatoris indicated that Plaintiff is slightly limited in interacting appropriately with the public, supervisors, and co-workers and responding appropriately to changes in a routine work setting. (ECF No. 7-8, p. 51). He also found that Plaintiff would be moderately limited in responding appropriately to work pressures in a usual work setting. *Id.* This portion of Dr. Mercatoris' opinion is not reflected anywhere in the ALJ's RFC or RFC discussion. (ECF No. 7-2, p. 17-22). The ALJ fails to explain in his opinion why he did not include these limitations in the RFC. Thus, I am unable to tell if the ALJ forgot to include these limitations or if he rejected that portion of Dr. Mercatoris' opinion, which he is entitled to do, but then he must explain his reasoning for doing so, which he did not do. *Burnett v. Comm'r of SS*, 220 F.3d 112, 121 (3rd Cir.2000)("'In the absence of such an indication, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored.'"), *quoting Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir.1981). The failure to do the same prohibits me from conducting a proper and meaningful review. Therefore, I find that the ALJ has erred in this regard and remand is required.

### C. **CREDIBILITY ASSESSMENT**

Next, Plaintiff submits that the ALJ erred in assessing his credibility. (ECF No. 10, pp. 12-15). To be clear, an ALJ is charged with the responsibility of determining credibility. *Smith v. Califano,* 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson,* 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied,* 420 U.S. 931 (1975). The ALJ must consider "the entire case record" in determining the credibility of an individual's statement. SSR 96-7p. The ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case

record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reason for that weight." *Id*. I must defer to the ALJ's credibility determinations, unless they are not supported by substantial evidence. *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931 (1975).

Since I have found that the ALJ erred in assessing the medical evidence of this case as set forth above, his finding regarding Plaintiff's credibility based on the same simply cannot stand. *Mason v. Shalala,* 994 F.2d 1056, 1068 (3d Cir. 1993). Thus, I find remand is warranted.

### D. HYPOTHETICAL QUESTION TO THE VOCATIONAL EXPERT

Plaintiff argues that the ALJ erred in failing to ask the vocational expert hypothetical questions that accurately reflect Plaintiff's impairments. (ECF No. 10, pp. 11-12). An ALJ is required to accept only hypothetical questions which accurately reflect a plaintiff's impairments. *See, Podedworny v. Harris*, 745 F.2d 210 (3d Cir. 1984)*; Chrupcala v. Heckler,* 829 F.2d 1269, 1276 (3d Cir. 1987). Plaintiff submits that the hypothetical questions are incorrect based on the errors as argued above. (ECF No. 10, pp. 11-12). Since I have found that remand is warranted as set forth above, remand is similarly warranted on this basis.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FRANKLIN GRANGER LOWERRE, IV, )
                                                                   )
              Plaintiff, )
                                                                     )
   -vs-                                                 )            Civil Action No.   12-218E
                                                                     )
CAROLYN W. COLVIN,[3] )
COMMISSIONER OF SOCIAL SECURITY, )
                                                                     )
              Defendant. )

AMBROSE, Senior District Judge.

## ORDER OF COURT

THEREFORE, this 13th day of February, 2014, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 9) is granted and Defendant's Motion for Summary Judgment (Docket No. 13) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further proceedings consistent with the foregoing opinion.

                                              BY THE COURT:

                                              s/   Donetta W. Ambrose
                                              Donetta W. Ambrose
                                              United States Senior District Judge

---

[3] Carolyn W. Colvin became acting Commissioner of Social Security on February 14, 2013, replacing Michael J. Astrue.