IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FRANKLIN GRANGER LOWERRE, IV,  )
                                          )
        Plaintiff,                    )
                                          )
  -vs-                              )        Civil Action No.   12-218E
                                          )
CAROLYN W. COLVIN,[1]                )
COMMISSIONER OF SOCIAL SECURITY,  )
                                          )
        Defendant.                  )

AMBROSE, Senior District Judge.

## OPINION
## and
## ORDER OF COURT

### I. BACKGROUND

This case was brought pursuant to the Social Security Act ("Act"). The case was decided in favor of Plaintiff on cross motions for summary judgment on February 13, 2014. (ECF No. 15). On May 14, 2014, Plaintiff filed a Motion for Attorney Fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412. (ECF No. 18). Plaintiff filed an Amended Motion on June 15, 2014. (ECF No. 23). Plaintiff seeks an award of $7,531.09. (ECF No. 23). In response, Defendant does not argue that Plaintiff is not entitled to fees. (ECF Nos. 20, 26). Rather, Defendant only contests the reasonableness of the hours expended and the hourly rate and submits that Plaintiff should be awarded no more than $3,248.27. *Id.* The issue is now ripe for review.

### II. LEGAL ANALYSIS

The EAJA is applicable to final decisions under the Act and provides, in pertinent part, as follows:

---

[1] Carolyn W. Colvin became acting Commissioner of Social Security on February 14, 2013, replacing Michael J. Astrue.

1

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C.A. § 2412(d)(1)A).

Pursuant to the EAJA, the fees and expenses of attorneys must be reasonable. 28 U.S.C. §2412(b).

> Generally speaking, 'a party seeking attorney's fees has the burden to prove that its request for attorney's fees is reasonable.' " *Newell v. Comm'r of Social Security,* 121 Fed. Appx. 937, 939 (3d Cir. Jan. 25, 2005) (quoting *Rode v. Dellarciprete,* 892 F.2d 1177, 1183 (3d Cir. 1990)). The EAJA requires "an itemized statement from any attorney ... representing ... the party stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). A party opposing a fee award must support its challenge with an "affidavit or brief with sufficient specificity to give fee applicants notice" of the objections. *Rode,* 892 F.2d at 1183. A fee award may not be "decreas[ed] ... based on factors not raised at all by the adverse party." *Bell v. United Princeton Properties, Inc.,* 884 F.2d 713, 720 (3d Cir. 1989). However, "[o]nce the adverse party raises objections to the fee request, the district court has a great deal of discretion to adjust the fee award in light of those objections." *Rode,* 892 F.2d at 1183.

*Evans v. Astrue*, No. 12-850-LPS, 2013 WL 6869852, *1 (D. Del. Dec. 30, 2013).

### A. <u>**Hours Reasonably Expended**</u>

Plaintiff asserts that a total of 39.7 hours were expended by counsel in this matter. (ECF No. 24, p. 6). Defendant argues that not all of said hours expended were reasonable. (ECF Nos. 20, 26). As to those issues raised by the party opposing the fee request, a "court must be careful to exclude from counsel's fee request 'hours that are excessive, redundant or otherwise unnecessary....'" *Holmes v. Millcreek Township School Dist.,* 205 F.3d 583, 595 (3d Cir. 2000), *quoting, Hensley,* 461 U.S. 424, 434 (1983). Defendant makes specific objections as to the reasonableness of the hours billed by Plaintiff's counsel. (ECF Nos. 20 and 26). I will deal with each objection separately.

### 1. Review of Administrative Transcript and Preparation of Brief

Plaintiff's counsel seeks 23.8 hours for the review of the administrative transcript and preparation of Plaintiff's Brief. (ECF No. 19-1). Specifically, Plaintiff breaks down the hours as follows:

| | |
|---|---|
| Review of Transcript; formulate initial arguments | 5.8 |
| Review of Administrative Transcript and prepare Statement of Facts | 4.8 |
| Legal Research | 5.7 |
| Complete draft of Plaintiff's brief | 5.0 |
| Make final edits; file brief and associated documents | 2.5 |

(ECF No. 19,-1, p. 2). In opposition, Defendant argues that Plaintiff's summary judgment motion involved three standard disability legal issues, consisted of 16 pages within which only 8 pages contained legal contentions, and contained boilerplate type arguments. (ECF No. 20, pp. 1-3). Additionally, Defendant argues that duplicative work created by two attorneys leaving counsel's firm and each newly assigned attorney becoming familiar with the case should not be a cost borne by the government. (ECF No. 26, p. 3). As such, Defendant argues that the time associated with the same should be reduced by at least half. *Id.* at 2. In response, Plaintiff agrees that some language was boilerplate, but argues that even when some arguments were similar to other cases, they are never identical. (ECF No. 24, pp. 1-3). Additionally, Plaintiff submits that it is usual at his firm to divide work between attorneys who handle administrative work and attorneys who handle the appeal. *Id.* at p. 4.

After a review of the case, I agree with Defendant that it is unreasonable, excessive and duplicative to have three persons become familiar with the administrative record. As such, I will disallow 5.6 hours for the review of the administrative transcript.

I also agree with Defendant that the issues involved were standard legal issues that commonly arise in social security cases. As such, I find 5.7 hours to conduct legal research on

such issues to be excessive. I will disallow 2.2 hours.

Drafting of the brief which contained only 8 pages of legal contentions, with some boilerplate language, should not have taken more than 5 hours to draft. As a result, I will disallow 2 hours.

Finally, the filing of the brief and associated documents is a function that can be performed by a secretary or paralegal. Requesting attorney fees for secretarial or paralegal functions will not be permitted. As a result, I will disallow ½ hour from the filing of the brief and associated documents with the court.

Consequently, I am disallowing a total of 10.3 hours for the review of the administrative transcript and preparation of Plaintiff's Brief.

### 2. EAJA Petition

Plaintiff's counsel seeks 2 hours for preparing the EAJA Petition and filing with the court (ECF No. 19-1, p. 2) and an additional 5 hours for preparing the Reply. (ECF No. 23-1, p. 2 and No. 23, p. 5). In opposition, Defendant argues that the Petition is boilerplate and "the enumeration of hours is a function that can be performed by a secretary." (ECF No. 20, pp. 3-4). After a review of the record, I agree with Defendant that Petition appears to be boilerplate in nature and does not warrant the time attributed to them. Furthermore, the enumeration of the hours is a function that can be performed by a secretary or paralegal. I also note that the filing of the Petition is also a function that can be performed by a secretary. Requesting attorney fees for secretarial or paralegal functions will not be permitted. As a result, I will disallow 1 hour from the preparation of the Petition and filing with the court.

With regard to the Reply, Defendant submits that "Plaintiff's counsel offers no relevant, new evidence or applicable law to address the objections raised by Defendant to his original EAJA petition." (ECF No. 26, p. 4). As a result, Defendant argues that such time was unreasonable and should be disallowed entirely. *Id.* I agree with Defendant that 5 hours for a 4

page document and affirmation that provides virtually nothing new is excessive. I believe that the Reply and affirmation should not have taken more than 1 ½ hours to draft. Therefore, I will disallow 3 ½ hours from the Reply time.

Consequently, I am disallowing a total of 4 ½ hours for the EAJA petition.

**B.** **<u>Hourly Rate</u>**

Defendant also objects to the hourly rate. (ECF No. 20, p. 4, n. 2; No. 26, pp. 4-5, n. 2). Plaintiff seeks an hourly rate of $189.70 based on the March 2014 Consumer Price Index for All Urban Consumers, for all work performed from September 2012 through May 2014. (ECF No. 19, p. 4; No. 24, p. 5). Defendant argues that that the average hourly rate of $187.22 should be applied as it is based on the average Consumer Price Index for All Urban Consumers ("CPI-U") during the months that the itemized work was performed in this case. (ECF No. 20, p. 4, n. 2; No. 26, pp. 4-5, n. 2). "District courts have been determining the cost-of-living adjustment by multiplying the basic EAJA rate by the current consumer price index for urban consumers (CPI-U), and then dividing the product by the CPI-U in the month that the cap was imposed (October 1981 for pre-amendment cases, March 1996 for post-amendment cases)." *U.S. v. $46,000 in U.S. Currency,* No. 02-6805, 2005 WL 555370, *1, n. 2 (E.D. Pa. March 7, 2005), *quoting, Sorenson v. Mink*, 239 F.3d 1140, 1148 (9th Cir. 2001). The current CPI-U means when the fee is earned. *Sorenson*, 239 F.3d at 1148–49. I find this method reasonable.

Therefore, in our case, I will use the CPI-U for the month when the fee was earned. The calculation, then, is the product of the $125 EAJA rate multiplied by the current CPI-U, divided by the March 1996 CPI-U (155.7). For example, the CPI-U for September 2012 is 231.407.[2] Thus, ($125 x $231.407)/155.7 = $185.78. This is the hourly rate for September 2012. In September of 2012, Plaintiff earned 4.4 hours. So, 4.4 hours earned x $185.78 = $817.43 for hours earned

---

[2] The CPI-U for each month are located at the following address and substitute the appropriate date: http://data.bls.gov/search/query/results?q=CPI-U+September+2012.

in September 2012. This calculation continues for each month in which Plaintiff earned hours and then all of the total figures are added to obtain the reasonable fee for Plaintiff. Specifically, in this case it breaks down as follows:

| | | | |
|---|---|---|---:|
| September 2012: | (4.4 x. $185.78) = | $ | 817.43 |
| January 2013: | (.2 x $184.87) = | $ | 36.97 |
| March 2013: | (.3 x $186.88) = | $ | 56.06 |
| May 2013: | (13.5 x $187.01) = | $ | 2,524.64 |
| June 2013 | (.3 x $187.46) = | $ | 56.24 |
| July 2013 | (.8 x $187.54) = | $ | 150.03 |
| February 2014 | (.9 x $188.49) | $ | 169.64 |
| May 2014 | (2.5 x $189.70) | $ | 474.25 |
| Total award | | $ | 4,285.26 |

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FRANKLIN GRANGER LOWERRE, IV, )
                   Plaintiff, )
   -vs- )   Civil Action No.   12-218E
CAROLYN W. COLVIN,[3] )
COMMISSIONER OF SOCIAL SECURITY, )
                   Defendant. )

AMBROSE, Senior District Judge.

## **ORDER OF COURT**

THEREFORE, this 15th day of July, 2014, it is ordered that Plaintiff's Motion for Attorney Fees (ECF No. 18) and Amended Motion for Attorney Fees (ECF No. 23) are granted in part and denied in part as follows: Plaintiff, Franklin Granger Lowerre, IV, is awarded attorney fees under the EAJA in the amount of $ 4,285.26. These fees are to be paid directly to Plaintiff, Franklin Granger Lowerre, IV, and sent to the business address of Plaintiff's counsel. Full or partial remittance of the awarded attorney fees will be contingent upon a determination by the Government that Plaintiff owes no qualifying, pre-existing debt(s) to the Government. If such a debt(s) exists, the Government will reduce the awarded attorney fees in this Order to the extent necessary to satisfy such debt(s).

                                            BY THE COURT:

                                            s/   Donetta W. Ambrose
                                            Donetta W. Ambrose
                                            United States Senior District Judge

---

[3] Carolyn W. Colvin became acting Commissioner of Social Security on February 14, 2013, replacing Michael J. Astrue.